UNITED STATES DISTRICT COURT
OFFICE OF THE CLERK
WESTERN DISTRICT OF LOUISIANA

March 25, 2002

U.S. DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
FILED

MAR 2 5 2002

ROBERT H. SHEMWELL, CLERK
BY _____
                    DEPUTY

300 Fannin Street, Suite 1167
Shreveport, LA 71101-3083
318-676-4232

Mr. K. Douglas Wheeler
Crawford & Anzelmo
P.O. Box 14600
Monroe, LA 71207-4600

In re:   Civil Action 3:00CV1359 LEAD
         (Member case: 3:00CV2725)
         Eric Easley, et al.
         v.
         Leonard E. Lively, Jr.
         (Judge James)

Dear Mr. Wheeler:

The record indicates that a two-day bench trial was held in this matter, concluding on November 6, 2001. Judgment was entered on November 21, 2001 for Eric Easley and Robby's Tree Removal Inc. An amended judgment was entered on December 7, 2001.

A bill of costs was filed by Easley and Robby's Tree Removal on February 13, 2002. An opposition was filed by the defendants, U S A on February 14, 2002. A response was then filed by Easley and Robby's Tree Removal on February 22, 2002.

I have reviewed the bill of costs, opposition to costs and the response in opposition to costs and have made the following determination:

1. <u>Fees of the Clerk</u>          $300.00        -        Allowed

   The plaintiffs submit filing fees of $315.00. Plaintiffs paid $300.00 for filing fees. It is my determination that the filing fees of the Clerk are properly taxable as items of court costs pursuant to 28 U.S.C. §1920(1). However, plaintiffs also submit $15.00 for unidentified fees paid to the clerk's office. It is my determination that costs are not allowed because I am unable to determine what these costs are.

2. <u>Court Reporter Transcription Costs</u>

   It is the policy of this office to allow the costs of those depositions which are placed in evidence at trial in lieu of live testimony, those which are used for impeachment purposes, and those which are used in connection with a successful motion for summary judgment. Costs for discovery depositions, and fees for additional copies of depositions, are not generally taxable as court costs.

   a.   <u>Dr.James Finley and Gene</u>   $ 312.05              Allowed



Easley, et al. v. Eugene Lively, et al.
March 25, 2002
Page 2

### Mariano

The plaintiffs submit deposition costs for Dr. James Finley and Gene Mariano. The record kept by the courtroom deputy indicates that the depositions of Finley and Mariano were introduced into evidence. It is therefore my determination that the costs of these depositions are allowed.

b.  Mickey Murphy (trial deposition)      $200.00      Disallowed
                                          $ 29.90      Disallowed

Plaintiffs also submit costs for the deposition of Mickey Murphy. The record kept by the courtroom deputy indicates that the deposition of Murphy was not entered into evidence. It is my determination costs for Murphy's deposition are disallowed.

3.  **Witness Fees**

It is the policy of this office to limit witness fees to those days on which trial testimony is actually given. The necessity of a witness' attendance at trial on days other than on which testimony is given is a matter left to the trial court's discretion. If witness fees are found to be proper, witnesses are entitled to the statutory attendance fee amount of $40.00 per day, mileage fees, and subsistence if the witness traveled a long distance.

The plaintiffs submit the following witness fees:

a.  **Dr. Dale Anderson**

The record indicates that Dr. Dale Anderson testified as an expert witness for the plaintiff on November 6, 2001. The plaintiffs submit expert witness fees of $5,419.87 for the cost of preparation of analysis, study and report; $ $2,001.10 for his trial preparation; and $367.82 for copies of photographs. As noted above, witness are only allowed set fees for attendance, mileage and subsistence if necessary. Expert fees beyond the normal witness fees are disallowed in this court. It is my determination that the following witness fees are allowed for Anderson:

  1. Attendance fees                      $40.00      Allowed

The record indicates that Anderson testified on November 6 and is allowed attendance fees of $40.00 for his one day of testimony.

  2. Mileage Fees                         $22.08      Allowed

The bill of costs includes, as an exhibit, an invoice from Anderson indicating that he is located in Ruston, Louisiana. I allow mileage fees of 34.5 cents per mile for approximately 64 miles round-trip from Ruston to Monroe for Anderson to attend the trial. It is therefore my determination that mileage fees of $22.08 are allowed for Anderson.

Easley, et al. v. Eugene Lively, et al.
March 25, 2002
Page 3

### 3. Subsistence

It is my determination that Anderson is not allowed subsistence because of the short distance from his residence to the trial.

The rest of the amount claimed for Anderson is disallowed as above what is allowed by this court.

b.  **Dr. James Finley**                    $40.00     Allowed

Plaintiffs also submit $400.00 in witness fees for Dr. James Finley. As noted above, the deposition of Finley was entered into evidence. Attendance fees of one day at $40.00 are allowed for Finley. The rest of the amount claimed for Finley is disallowed.

3. **Fees and Disbursements for Printing and Copying Costs**

It is the policy of this office to allow the copying costs of those documents which are placed in evidence at trial or those which were used for a successful motion for summary judgment or other successful motion. Items which are obtained merely for the convenience of a party in preparing for trial are not taxable without pre-trial authorization from the trial court.

a.  **Trial expenses related to exhibits** $ 54.75    Disallowed

The plaintiffs submit costs for "trial expenses related to exhibits." I am unable to determine if these exhibits were entered into evidence. It is my determination that costs for expenses related to the exhibits are disallowed without more information as to whether or not they were entered into evidence at trial.

4. **Other - Expenses related to deposition of defendant's expert in Atlanta**

a.  **Deposition costs**           $ 993.87      Disallowed
    (For Donald R. Shaver)

Plaintiffs submit deposition costs for Donald R. Shaver. The record indicates that the deposition of Shaver was not entered into evidence. It is my determination that costs for this deposition are disallowed because the deposition was not entered into evidence.

b.  **Travel to Atlanta for**       $1,174.64     Disallowed
    **the deposition of**
    **defendant's expert**

Plaintiffs submit costs for counsel to travel to Atlanta for the deposition of Donald R. Shaver. As a general rule, attorney fees and travel expenses are not considered taxable costs. Attorney travel fees are considered to be routine litigation expenses, which are not taxable as court costs

Easley, et al. v. Eugene Lively, et al.
March 25, 2002
Page 4

        pursuant to 28 U.S.C. 1920. All attorney travel expenses are therefore disallowed as court costs in this case.

    Pursuant to rule 54(d) of the Federal Rules of Civil Procedure, the above determination may be reviewed by the court, provided a Motion to Review is filed within five (5) days from receipt of this letter.

                                     Sincerely,

                                     Pamela P. Mitchell
                                     Staff Attorney

ppm

COPY SENT: /
DATE: 3/25/02
BY: pm
TO: Halliburton
    Thompson
    Wheeler
    Rahman